By the Court,
 
 Parker, J.
 

 Inasmuch as all remedies in courts of justice are, by the code is 1,) divided into actions and special proceedings, the application to the supreme court for the appointment of commissioners and the appraisal, report and confirmation must fall within the latter subdivision of remedies. In
 
 Ex parte
 
 Ransom, (3
 
 Code Rep.
 
 148,) it was held that the proceeding to assess damages on laying out of plank roads, under chap. 210 of the laws of 1847, is a special proceeding as defined by the code, and this proceeding is of the same character.
 

 The code (§11,
 
 sub.
 
 3,) allows an appeal from “a final order affecting a substantial right made in a special proceeding,” and this language standing alone, would be sufficiently comprehensive to include the appeal in question. But we are to look also at the act itself, under which these proceedings were instituted, to see whether it was the intention of the legislature to except this proceeding from the operation of the general provisions of the code. Section 18 of the act,
 
 (Laws of
 
 1850,
 
 p.
 
 211,) allows either party to appeal to the supreme court from the appraisal and report of the commissioners, within twenty days after the confirmation of the report; and, on the hearing of such appeal, that court is authorized to direct a new appraisal before the same or new commissioners, in its discretion; and it is further provided that the second report shall be “ final and conclusive,” upon, all the parties interested.
 

 I think it was the intention of the legislature to prescribe, in the railroad act, an entire system for ascertaining the value of the lands taken. It contains no express provision authorizing an appeal. It gives to the supreme court the power of granting a rehearing but once, and, by declaring the second report “ final and conclusive,” it not only precludes any further action on the part of the supreme court, but cuts off also any
 
 *270
 
 appeal from such second report to this court. This restriction is, I think, evidence of a design to limit the extent to which litigation should be permitted on a mere question of appraising the value of land, and to confine it to the several steps and hearings expressly permitted by the act.
 

 The appeal to the supreme court from the appraisal and report of the commissioners is authorized to be heard either at a general or special term of the court. This provision seems to indicate that an appeal to the court of appeals was not in any case contemplated by the legislature, because no such appeal would lie from a decision made at special term; and it cannot be supposed that it would be left by the legislature to the party appealing to the supreme court to decide whether or not any further appeal should be permitted, in electing whether his own appeal to the supreme court should be heard at the general or special term. It seems to me absurd to say that an appeal may be taken to the court of appeals from a decision of the general term, when none can lie from the decision of the same question at 'the special term. This would be holding the decision of a single judge at special term, to be of more reliability than the decision of three judges at general term, on the same question.
 

 The supreme court is authorized to refuse a new appraisal, or to direct a new appraisal before the same or new commissioners, in its discretion. It is evidently intended that the supreme court shall have a broad discretion in its exercise of the supervisory power conferred. It has full power over the proceedings to see that no injustice is done. It may set aside a report where it is against the weight of evidence, or where there is reason to suppose that there has been partiality or prejudice. It reviews questions of fact as well as of law. The supreme court will not set aside a report for every technical error, when no injustice appears to have been done, but will exercise its discretion in regard to it.
 
 (The Troy and Boston Railroad Co.
 
 v.
 
 The Northern Turnpike Co.,
 
 16
 
 Barb.
 
 100.) It is not to be supposed that an order of the supreme court so purely dis
 
 *271
 
 cretionary, was intended to be the subject of review. The general rule is, that there is no appeal from an order, the making of which rests in discretion. It would be equally repugnant to our notions of the plan of our judiciary system, to suppose that it was intended that the questions of fact, almost always involved in appeals from appraisals of damages in railroad cases and in other like proceedings, were designed to be brought up for adjudication to the court of last resort. On the contrary, it would be perverting the purposes for which this court was established, to require it to review on appeal mere questions of fact. Its appropriate province is to decide questions of law.
 

 The whole proceeding is a special creation of the statute, and seems designed to form a complete sytem of itself, entirely independent of the general provision of the statute authorizing appeals to this court.
 

 The appeal must be dismissed, with ten dollars costs.
 

 Denio, J., took no part in the decision, being a stockholder in the road.
 

 Appeal dismissed.
 

 END PP CASES DECIDED AT JUNE TERM.
 

 Note.
 
 Rugóles, J., was prevented by sickness from hearing the cases decided at the June term argued, and therefore took no part in their decision.
 

 
 *273
 
 CASES ARGUED AND DETERMINED IN THE COURT OE APPEALS OP THE STATE OF NEW-TORK, SEPTEMBER TERM, 1854.