## IN THE MATTER OF DODD.

The proceeding to vacate an assessment for a local improvement in the city of New York, under ch. 338 of 1858, though conducted before a justice of the Supreme Court, is not a special proceeding, in the sense of the Code of Procedure.

The order made by the justice, in vacating, or refusing to vacate, the assessment, is final, and not subject to review here or in the Supreme Court.

MOTION to dismiss an appeal. The petitioner, John M. Dodd, was assessed for several sums of $63.23 and $8, for paving, in the Eighth avenue in New York. He made application by petition to a justice of the Supreme Court, pursuant to the act of April 17, 1858, and after a hearing pursuant to notice, an order was made vacating the assessments. An appeal was taken, on behalf of the corporation of the city, to the Supreme Court at general term; but that appeal was there dismissed, on the ground, as it is understood, that the order was final, and not subject to review. The corporation, by its counsel, brought this appeal from the order of the general term.

*C. C. Langdale*, for the petitioner.

*W. C. Trull*, for the corporation.

DENIO, Ch. J. The authority under which the justice of the Supreme Court acted, in vacating the assessment, was the act in relation to frauds in assessments for local improvements in the city of New York, passed in the year 1858 (ch. 338). It authorizes an application, by a person aggrieved by an assess-

ment complained of as fraudulent or irregular, to a justice of the Supreme Court, in special term or in vacation, on notice to the counsel of the corporation; and the judge is required, forthwith, to proceed to hear the proofs and allegations of the parties. If he finds the complaint well founded, he is to vacate the assessment; and thereupon the lien created thereby, or by any subsequent proceedings, is to cease. On the production of the justice's certificate, that he has made such an order, it is made the duty of the officer having charge of the assessment lists, to cancel the assessments so vacated; but the lands which had been charged by the assessments are to be again assessed according to law for such amount as would have been justly chargeable if fraud or irregularity had not been committed.

It is provided that a person applying for relief under the act, may embrace in the proceeding any or all assessments for local improvements in which he is interested.

The question is, whether an order made by a justice under this act, is subject to review under the general laws respecting appeals from orders and judgments, or whether such an order is final and conclusive. I am of opinion that it is final. I infer this from the nature of the subject, from the special provisions of the act, and from the decisions of this court in analogous cases.

1. The question arises between the public, represented by the municipality, and a citizen generally liable to contribute towards public improvements. It belongs to the class of controversies which are generally the subject of administrative processes, and which are not usually executed by the judiciary, or subjected to judicial proceedings. The power given to the judge might have been committed to the mayor or the common council, or any city officer, without a violation of any principle. The legislature thought it expedient to commit it to a judge; but it does not certainly follow, that the proceeding is to partake of the character of a lawsuit, and be subjected to the delay and expense of a regular litigation. The justice, as I have said, performs, under the act, the functions which

Matter of Doad.

might have been conferred on any administrative officer. The very great number of cases to which the jurisdiction would apply, the necessity of completing, speedily and summarily, the proceedings under ordinances for local improvements, and the obvious inconvenience of requiring acts, in the course of municipal administration, to be subjected to the delay of a general judicial review, seem to me to forbid such a construction, unless the intention of the legislature to that effect is exceedingly plain.

2. There is nothing on the face of the enactment which looks to a review of the determination to be made by the justice. This would not be sufficient, alone, to preclude an appeal; for if the controversy were between citizen and citizen, and were strictly judicial in its character, and it was directed to be heard, in the first instance, before a single judge, the general laws respecting appeals from inferior courts would apply to the case, unless there was something in the provisions of the enactment which showed expressly or by implication that the first determination should be final. But this act does, I think, in effect, contain such provisions. The justice is to proceed, forthwith, on being applied to, to hear the proofs and allegations of the parties. This shows that the utmost celerity was contemplated. There is no provision for continuance or adjournments, though, probably, in a case of necessity, the hearing might be continued through several days. The only evidence of the determination which is provided for, is the certificate of the justice. On the production of this paper, the officer having charge of the assessment lists is to cancel the assessment complained of, and all the proceedings under it; and the lien created by the assessment is immediately to cease. It seems not to have been contemplated that the execution of the determination could be stayed by an appeal; and there is no provision respecting security, or for costs to be paid by either of the parties in any event. Every thing in the act seems to me to contemplate that the determination should be a speedy and final adjudication upon the complaint; and this is further apparent from the provision

that the amount may be again assessed, in a legal manner, upon the land properly chargeable. No possible result of the review could reinstate the lien, if the land should have been aliened or incumbered. If the city can appeal when the determination is against it, the applicant would have a similar right, if he should fail in the first instance; and thus these assessments would often have to be carried to the court of last resort, where, should they be confirmed, the city would have no claim against any one for the costs and expenses.

3. In the case of *The New York Central R. R.* v. *Marvin* (1 Kern., 276), and in *The Matter of Canal and Walker Streets* (2 Kern., 406), it was held that the general provisions of the statutes respecting appeals did not necessarily apply in all cases where a judicial agency was brought in aid of an administrative proceeding. In both these cases, appeals were dismissed, on the ground that the laws contemplated that the orders of the Supreme Court should be final. The expressions touching the finality of the orders, in the acts under which the proceedings in those cases were taken, were more direct than in the one under consideration; but if the statutes are carefully looked at, it will be seen that those expressions were intended only to preclude further litigation in the Supreme Court, and not, in terms, to deny an appeal. The following expression, contained in the opinion of the court in the first of those cases, contains the principle which should determine the question in the present case: "The whole proceeding is a special creation of the statute, and seems designed to form a complete system of itself, entirely independent of the general provisions of the statutes concerning appeals to this court."

I do not think the act of 1854 (ch. 270) has any application to the case. It provides for appeals in special proceedings in the Supreme and Superior Courts, and in the Court of Common Pleas of the city of New York, and for costs in such proceedings. But I do not think that this application is a special proceeding, in the sense of the Code. In that system, "remedies in the courts of justice" are defined and divided

into classes; and everything which is not an ordinary action is a special proceeding. (§§ 1, 2, 3.) To be a special proceeding, in the sense of the Code, there must be a litigation in a court of justice. The legislature is perfectly competent to invoke the aid of a judicial officer for the regulation of an administrative proceeding, without organizing a special proceeding in a court of justice.

The motion to dismiss the appeal must be granted, but without costs.

Ordered accordingly.