IN THE MATTER OF THE PETITION OF EUGENIE BARBER BAR-
NETT, for the custody of GEORGE SAMUEL BARNETT, a
minor, under *habeas corpus.*

A writ of *habeas corpus* is a special proceeding within the meaning of
section 3 of the Code.
Costs are allowable in the discretion of the court, and when so allowed
shall be at the rate allowed for similar services in civil actions.
No extra allowance can be allowed; that relates only to actions.

*Special Term, October,* 1876.

APPEAL from the taxation of the clerk of the supreme
court, first department, allowing costs as in an action, to the
special term.

On the application of Eugenie Barber Barnett, the mother
of a bastard child, named George Samuel Barnett, aged five
years, the supreme court granted a writ of *habeas corpus* to
obtain possession of said minor child from David Barnett, its
putative father. Return was made charging gross improprie-
ties on the part of the petitioner, to which a traverse was
filed denying the charges, and making countercharges against
respondent. The issues thus joined were referred to William
Sinclair, esq., who reported in favor of the petitioner, and
awarded the custody to the petitioner, and afterward such
report was confirmed by the court, and at the same time an
order was made awarding costs and disbursements of the pro-
ceedings to the petitioner, and subsequently such costs were
adjusted by the clerk, as follows:

Before order of reference ......................... $25 00
After order of reference........................... 15 00

    Carried forward ........................... $40 00
    VOL. LII        10

Matter of Barnett.

| | | |
|---|---:|---:|
| Brought forward.......................... | $40 | 00 |
| Trial, issue of fact:...................... | 30 | 00 |
| Trial, occupying more than two days ........... | 10·00 | |
| Costs of order confirming referee's report ........ | 10 | 00 |
| | $90 | 00 |
| Disbursements: | | |
| Referee's fees ....................... $100 00 | | |
| Other disbursements................... 5 25 | | |
| | 105 | 25 |
| | $195 | 25 |

From this taxation of the clerk an appeal was taken to the special term.

*L. B. Clark*, for appellant. Costs on *habeas corpus* proceedings are unknown to the profession. There is no law authorizing them, nor is there any case authorizing them.

*Charles Blandy*, for respondent.

I. Costs are allowed in special proceedings, in the discretion of the court, and when so allowed shall be at the rate allowed for similar proceedings in a civil action (*Laws of 1853, sec. 15, art. I, chap. IX, title 3, part 3 of R. S. ; Code, sec. 3 ; In the Matter of Dodd*, 27 *N. Y.*, 629 ; *In the Matter of, &c., Rens. and Sara. R. R. Co.* agt. *Davis*, 55 *id.*, 145).

II. A *habeas corpus* is a special proceeding (*In the Matter of the extension of the Bowery*, 12 *How.*, 99 ; *In the Matter of Dodd*, 27 *N. Y.*, 629 ; *In the Matter of, &c., Rens. and Sara. R. R. Co.* agt. *Davis*, 55 *id.*, 145).

III. The order of Mr. justice DONOHUE awarding costs cannot be reviewed on this appeal.

BARRETT, *J.*— There seems to have been some conflict as to what is a special proceeding (27 *N. Y.*, 629 ; 20 *How.*, 304 ; 4 *Keys*, 66).

Matter of Barnett.

But none of the cases doubt that where the matter is in court, and not merely before a judicial officer out of court, section 3 of the Code applies. The present proceeding was in the court. The writ was returnable thereto, and the final judgment was at special term. Under these circumstances 55 *N. Y.*, is applicable, and the taxation must be affirmed.

Taxation affirmed.