Matter of Trustees of the Presbytery of New York.

# N. Y. COMMON PLEAS.

IN THE MATTER OF THE PETITION OF THE TRUSTEES OF THE
PRESBYTERY OF NEW YORK TO VACATE AN ASSESSMENT.

*Jurisdiction in assessment cases — Special proceedings.*

The court of common pleas for the city and county of New York has
jurisdiction,.equally with the supreme court, of proceedings by petition ,
under chapter 338, Laws of 1858, to vacate local assessments in the city
of New York, for fraud or substantial error.

The application, when made to the court at special term, is a special pro-
ceeding.

*Special Term, July,* 1877.

THIS proceeding was brought to vacate an assessment for
regulating and grading Ninth avenue, between One Hundred
and Twenty-third and One Hundred and Twenty-sixth streets,
in the city of New York. Various errors in the proceedings
relative to the assessments were alleged in the petition. Upon
the presentation of the petition and notice to the counsel to
the corporation, motion was made for an order to take
proofs. The corporation counsel objected that this court had
not jurisdiction in proceedings under the act of 1858, as
amended.

*James A. Deering,* for petitioner, cited chapter 338, Laws
1858; chapter 379, Laws 1860; chapter 586, Laws 1867;
chapter 853, Laws 1868 (*sec.* 8); chapter 239, Laws 1873 ; *In
re Frederick D. Tappan* (*M.S. opinion court of appeals*) ;
*Astor* agt. *The Mayor* (37 *Supr. Ct. Rep.*, 586).

*William C. Whitney,* counsel to the corporation, cited chapter 338, Laws 1858; chapter 312, Laws 1874; *In the Matter of Dodd* (27 *N. Y.,* 629).

VAN HOESEN, *J.* — When the petition was presented to the special term of the common pleas, the counsel of the corporation appeared for the purpose of objecting to the jurisdiction of the court. The substance of his objection is, that the act of 1858, under which the proceeding is taken, provides that the petition shall be presented to a justice of the supreme court. The counsel conceded that if the application to vacate an assessment were what the Code styles a special proceeding, the court of common pleas would, by virtue of the act of 1873, have jurisdiction. The court of appeals, *In the Matter of Dodd* (27 *N. Y.,* 629), decided that such an application would not be a special proceeding when made to a judge of the supreme court out of court. In the subsequent case, entitled *" In the Matter of Frederick D. Tappan,"* the manuscript opinion which has been handed to me by the counsel for the petitioner, the court of appeals held that when the application is made to the court at special term, the proceeding certainly is a special proceeding. I feel bound to follow the last-mentioned decision as it is the latest utterance of the court. I must, therefore, hold this application to be a special proceeding, and of special proceedings this court unquestionably has jurisdiction.

Let an order be entered appointing Rufus F. Andrews, Esq., referee, to hear the proofs and allegations of the parties respecting the matters mentioned in the petition.

Motion granted.