In the Matter of the Application of the Kings County Elevated Railway Company.

| 82 | 95 |
| 112 | 72 |
| 112 | 73 |
| 82 | 95 |
| 137 | 97 |
| 82 | 95 |
| 143 | 253 |
| 82 | 95 |
| 154 | 494 |
| 82 | 95 |
| 167 | 41 |

Under the provision of the State Constitution (art. 3, § 18) prohibiting the construction of a street railroad without the consent of a specified portion of adjacent property owners, or in lieu thereof a determination of commissioners appointed by the General Term of the Supreme Court, that such railroad ought to be constructed and a confirmation thereof by the court, the determination of commissioners is inoperative until so confirmed. The General Term has not a mere formal function ; and, while the proceeding before it, is in the nature of an appeal, it has original jurisdiction so far that it has the power and it is its duty to review the whole case and to pass upon the sufficiency of the facts to warrant the determination, and it is within the discretion of said court whether or not to confirm the commissioners' report.

The exercise of this discretion is not reviewable here.

*It seems* that where an order of General Term in such proceedings refusing to confirm the report of commissioners does not state whether it was made upon questions of law or fact it is to be presumed that the court examined and passed upon the questions of fact as well as those of law.

*Emmet* v. *Hoyt* (17 Wend. 416) ; *Merritt* v. *Thompson* (27 N. Y. 233) ; *Barrett* v. *Wilson* (1 C. M. & R. 586) ; *Eaton* v. *Benton* (2 Hill, 576) ; *Wakeman* v. *Price* (3 N. Y. 334) ; *Thurber* v. *Townsend* (22 id. 518) ; *Starr* v. *Trustees of Rochester* (6 Wend. 566) ; *Regina* v. *Stock* (8 Ad. & Ell. 405) ; *Lowell* v. *Champion* (6 id. 410), distinguished.

(Argued June 15, 1880 ; decided September 21, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the second judicial department, denying an application to confirm the report of commissioners appointed pursuant to chapter 606, Laws of 1875, to determine whether a steam railway should be constructed through certain streets in the city of Brooklyn. (Reported below, 20 Hun, 217.)

The commissioners reported that the road ought to be constructed and operated through the streets specified in their report.

*Henry J. Scudder* and *John K. Porter* for appellant. Neither the Constitution nor the statute vests in the court the right to make or even to participate in the necessary determination whether this railroad ought to be constructed. (*Rondout & Oswego R. R.* v. *Field*, 33 How. Pr. 187; *In the Matter of Commissioners of Central Park*, 61 Barb. 40, 48; *In the Matter of Buskirk Ave.*, 48 id. 9; *In the Matter of South Seventh Street*, id. 12; *In the Matter of Central Park*, 16 Abb. Pr. 56; *In the Matter of Commissioners*, 51 Barb. 277; *Church Street Extension Case*, 49 id. 455.) The court could not interfere, unless the facts were conclusive against the report. (*In the Matter of Pearl Street*, 19 Wend. 652; *In re Furman Street*, 17 id. 663; *In re William and Anthony Streets*, 19 id. 695; *Embury* v. *Conner*, 3 Comst. 511–523; *Davis* v. *The Mayor, etc.*, 14 N. Y. 531.) Under the power to "confirm" merely, the award is conclusive as to all matters of fact submitted, and the determination on the facts is not reviewable. (*Emmet* v. *Hoyt*, 17 Wend. 416; *Merritt* v. *Thompson*, 27 N. Y. 233; *Barrett* v. *Wilson*, 1 Cromp., Mees. & R. [Exch.] 586, 587; 2 R. S. 88, § 37; *Eaton* v. *Benton*, 2 Hill, 576, 578.) The court, in confirming the determination, acts not as a tribunal of original jurisdiction but as an appellate court. (*Easterly* v. *Cole*, 3 N. Y. 504; 3 Comst. 592; *Thurber* v. *Townsend*, 22 N. Y. 518; *Starr* v. *Trustees of Rochester*, 6 Wend. 566; *Regina* v. *Stock*, 8 Adol. & Ell. 405; 35 Eng. Com. L. R. 653; 6 A. & E. 410–411.) The power given to the Supreme Court to "confirm" the "deter-

mination " of the commissioners is one of legal cognizance. (*Heywood* v. *Buffalo*, 13 N. Y. 539; *Mayor of Brooklyn* v. *Meserole*, 26 Wend. 132; *Mooers* v. *Smedley*, 6 Johns. Ch. 28; 26 Wend. 139.) The court could not review the facts. (*Adsit* v. *Wilson*, 7 How. Pr. 66–67; Grah. Pr. [2d ed.] 631–633; 7 How. 66, 67; *Birdsall* v. *Phillips*, 17 Wend. 464; *In re Bushwick Ave.*, 48 Barb. 9; *Matter of Central Park*, 16 Abb. 56; *Matter of Freeman Street*, 17 Wend. 649; *Troy & Boston R. R.* v. *Lee*, 13 Barb. 169; *Matter of William and Anthony Streets*, 19 Wend. 678; 48 Barb. 11; *Matter of Southworth*, 5 Hun, 55; *Hatch* v. *Vermont Cent.*, 23 Vt. 68; *Willig* v. *Baltimore & Ohio R. R.*, 5 Whart. 460; *Winnebiddle* v. *Penn. R. R. Co.*, 2 Grant's Cases, 32; *Teall* v. *Felton*, 1 N. Y. 541, 549; *Regina* v. *Yorkshire*, 1. Q. B. 629; 41 Eng. Com. Law, 703; Ellis, Black & Ellis, 73; 96 E. C. L. R. 73, 75; *Rex* v. *London*, 3 Barn. & Cress. 255; 23 Eng. C. L. 125; 3 B. & C. 271, 275.) The order of confirmation operates as a judgment binding both parties. (*Matter of Rhinebeck R. R.*, 61 N. Y. 249; *S. P.*, *Mayor* v. *Colgate*, 2 Kern. 148.) As the General Term had no power to interfere with the determination of the commissioners, on the ground that they should have drawn a different conclusion from the evidence, its refusal to confirm was an error in law. (*Burnham* v. *Butler*, 31 N. Y. 480; *Thurber* v. *Townsend*, 22 id. 517; *Noyes* v. *Hewett*, 16 Wend. 145–6.) The order is appealable to this court. (Code of Proc., § 11; Code of Civil Proc., § 190, subd. 3; *Matter of Townsend*, 22 N. Y. 67; *Matter of Ryers*, 72 id. 4; Laws of 1875, p. 746, § 22, id. 741, § 2.)

*William C. Dewitt & Benjamin F. Tracy* for respondents. Determinations by the General Term, in proceedings like the present, are of the nature of judgments by that court reviewing the verdicts of juries on questions of fact, and fall under the same rules. (*Matter of John and Cherry Streets*, 19 Wend. 659; *Stryker* v. *Kelly*, 7 Hill, 19, 20.) Orders from the Supreme Court granting or refusing remedies, according to the judgment of that court, upon great questions of public policy or

convenience, are in their nature discretionary, and not reviewable by this court. (*People* v. *Stillwell*, 19 N. Y. 531; *People* v. *Campbell*, 72 id. 496; *Lemorence* v. *Farley*, 73 id. 187; *In Matter of Commissioners of Washington Park*, 56 id. 156–7; 19 id. 532–3; *In re Mount Morris Square*, 2 Hill, 28; *People* v. *Supervisors of Allegany*, 15 Wend. 106; *People* v. *Stillwell*, *supra*.) In the proceedings at bar, the Supreme Court acted with all its powers and discretion enlarged and not fettered. (*Matter of N. Y. C. & H. R. R. R. Co.*, 64 N. Y. 60; *Matter of the Mayor*, 49 id. 150; *Commissioners of Central Park*, 50 id. 493; *Matter of Canal and Water Streets*, 12 id. 412; *Matter of Opening Seventh Avenue*, 29 How. 180; *Matter of Dodd*, 27 N. Y. 629.)

Folger, Ch. J. The order appealed from is silent as to the ground upon which it was made, whether of law or fact. In such case, we are bound to suppose that the General Term examined the case before it upon the matters of fact involved, as well as upon the questions of law presented, and based the order made upon conclusions drawn from the former, as well as the latter. If it were not so, the party feeling aggrieved should have seen to it that it was expressed in the order that it was grounded upon conclusions of law only. In the case in hand the use of this rule will not harm the appellants, for it is palpable from the whole case, and especially from the prevailing opinion at General Term (to which we would not resort to contradict the order, or to explain it even unless it were ambiguous), that the refusal to confirm the report of the commissioners was because the General Term deemed it, as a matter of fact, improper, inexpedient and impolitic to do otherwise. Now this was the exercise of discretion by the General Term. With the appropriate exercise of discretion by that tribunal, this tribunal may not interfere. (*The People ex rel Vanderbilt* v. *Stilwell*, 19 N. Y. 531.) That the court below had a discretion to exercise in making or withholding confirmation of the report of the commissioners we cannot doubt. It was considered worthy of a constitutional provision (Const., art. 3, §

18), that no street railroad should be authorized by law without the consent of a fixed proportion of adjacent property owners; or if that consent could not be obtained, without the determination of commissioners appointed by the General Term of the Supreme Court of the district that such railroad ought to be constructed, and a confirmation of that determination by the court; which two acts might be taken in lieu of the consent of the owners. It is manifest that in this provision of fundamental law a grave matter was dealt with. It is not reasonable to hold that in fixing what should be a safe and sufficient substitute for the consent of private owners of property, the Supreme Court at General Term should be brought in to act only a clerical or formal part, and to confirm, without exercise of judgment upon the facts and circumstances of the case, the determination of the commissioners appointed by it. It is plain that a great evil was seen to exist, and a crying need of permanent and effective repression of it. That evil was the heedless and unneeded making of street railroads, to the harm of owners of adjacent property. The means of repression was the prohibition of the construction of them without consent of one-half of those owners, or a sober inquiry whether they ought to be constructed or operated, to be made by commissioners appointed by the court, with their determination inoperative until confirmed by the court. When we consider what it is that is to be confirmed by the court, we see that it is putting too small a duty upon it, to be equal to the gravity of the matter upon which it is acting, to hold that it is to confirm without adjudging upon the reasons for and against the determination reported to it. What is submitted to the commissioners is whether, notwithstanding the dissent of more than one-half of the owners, the public need is so overweening, that there ought to be a railroad laid along by their property. The Supreme Court at General Term is to confirm the determination of the commissioners that it ought, before the refusal of the owners is to go for naught. It would be absurd, in such case, that the General Term must confirm as a matter of course, without inquiry and without consideration of the facts and circumstances bearing

upon the vital inquiry, viz.: ought the private right and resistance to give way to the public necessity; or with only such power of review as would show whether the commissioners had made no legal errors. That vital inquiry is one of fact, and of expediency and public policy. Whether a proper determination of it has been made may be known only by a review of the facts and considerations on which it has been based. No confirmation of it as an act of judicial power, in the proper exercise of such power, can be conceived of without such a review. Such seems to us to be a proper idea of the function conferred upon the General Term by the constitutional provision, in view of the evil sought to be quieted by it, and the solemnity and gravity of the means used therefor.

And that interpretation is sustained by the adjudications in analogous cases. Thus it was held that the opposition to a motion to confirm a report of commissioners of estimate and assessment, in a street opening case, is in the nature of an appeal. (*In re Mt. Morris Square*, 2 Hill, 14, 27.) If an appeal, or in the nature of one, then the Supreme Court is called upon to do more than a formal act; it must exercise its discretion or judgment on the case before it in all its features of fact and law. So *In re N. Y. C. & H. R. R. R. Co.* (64 N. Y. 60), it is held, that where cause is shown for setting aside an order theretofore made, confirming report of commissioners of the appraisal of lands taken for a railroad, there is power to entertain a motion therefor; and that if there be not an entire lack of merit in the motion, whether it shall be granted is a question of discretion, the exercise of which may not be reviewed in the Court of Appeals. (See, also, *N. Y. C. R. R. Co. v. Marvin*, 11 N. Y. 276; *In re Canal Street*, 12 id. 406–413; *Striker* v. *Kelly*, 7 Hill, 9, 19–20.) Many of the opinions given, in adjudicating upon this topic, dwell upon the protection found for private rights in the power of supervision and review lodged in the Supreme Court; and the fact that that power is there lodged, and the consideration that it is ample for the purpose have helped to the conclusion that it was meant that the power of that court should cover the whole

1880.] In the Matter, etc., of Kings Co. Elev. Ry. Co. 101

Opinion of the Court, per Folger, Ch. J.

case, and its decision should be the last one. So it is *In re Dodd* (27 N. Y. 629). The language of this court *In re N. Y. El. R. R. Co.* (70 N. Y. 327, 359), to the effect that the determination of the commissioners cannot, or at least ought not, to be interfered with upon that appeal, should be understood, as indeed it reads, that we (*i. e.*, the Court of Appeals) cannot or ought not so to do. And here it may be said that the determination of one or both boards of commissioners of the necessity of a street railroad is not equivalent to a determination to that end made by the legislature itself. It has been sometimes said that it is. A determination of the legislature itself would be effectual without a confirmation of it by the General Term. But a determination of commissioners has no effect until it is passed upon and confirmed by the General Term. Manifestly the legislature did not mean that it should be final or self-operative.

It is objected that the interpretation that we make gives too much force to the word *confirm*, and confers more power upon the General Term than the Constitution meant to do by the requirement that the determination of the commissioners to be operative should be confirmed by that tribunal. We do not rest our interpretation alone upon the bare sense of that word, but mainly upon the scope and purpose of the whole of this provision of the organic law, which culminate in the direction that the determination confirmed by the court may be taken in lieu of the consent of the property owners. The cases cited, such as *Emmet* v. *Hoyt* (17 Wend. 416), *Merritt* v. *Thompson* (27 N. Y. 233), *Barrett* v. *Wilson* (1 C. M. & Roscoe, 586), are not in conflict; for they are based upon a statute which specifies on what grounds an award of arbitration may be vacated or modified. By express provision of statute the award is to be confirmed by the court, unless some one of those grounds is shown to exist (2 R. S. 542, §§ 9, 10, 11), or they go upon the reason that the parties have themselves agreed and submitted to be bound by the conclusions of fact of the arbitrator chosen by themselves; or, as in *Eaton* v. *Benton* (2 Hill, 576), the rule is observed that, in general, where a referee

or a jury has passed upon conflicting evidence, the finding made must be regarded as conclusive; a rule that we do not think is paramount in a case like that in hand.

It is also contended that the General Term is not, in the matter committed to it by this constitutional provision, a tribunal of original jurisdiction, but simply an appellate court. It is then urged that an appellate court has no power by implication to review findings of fact. Now although we concede that the proceeding to confirm, or otherwise, the determination is in the nature of an appeal, so that the General Term has not a mere formal function only, we cannot admit that the tribunal that has the power to appoint commissioners, whose duty it is to make report to the authority that created them, which report is of no effect until confirmed by that authority, is not a tribunal of original jurisdiction, so far as to have the function to review the action and conclusion of its commissioners in all the particulars that enter therein. So that the cases cited on this point, *Wakeman* v. *Price* (3 N. Y. 304); *Thurber* v. *Townsend* (22 id. 518); *Starr* v. *Trustees of Rochester* (6 Wend. 566); *Regina* v. *Stock* (8 Ad. & Ell. 405); *Lowell* v. *Champion* (6 id. 410), do not, in our judgment, affect the conclusions that we have reached. In short, without reviewing or naming all the cases cited to bear upon this question, we are convinced that in view of the evil to be guarded against, and for the effectual protection of private rights so threatened as to need a specific constitutional provision for their safeguard, it was meant that the General Term, in harmony with the analogies we have produced, should have the power and duty to review the whole case, and to pass upon the sufficiency of the facts and circumstances to warrant the determination of the commissioners that there ought to be a street railroad in any municipality, when there was not in favor of it one-half of the property owners to be affected. As we have said, or intimated, the commissioners are to report their determination to the General Term, and that determination is in abeyance, as an operative act, until it is confirmed by the court, and it is not until then that it may be taken in lieu of the consent of one-half of the property owners.

It is plain, then, that the General Term, in granting the order from which an appeal is sought, exercised a judicial discretion vested in it by law, and that the order, as one resting in discretion, is not reviewable in this court.

The appeal should be dismissed.

All concur.

Appeal dismissed.