*In re* NEW YORK EL. R. CO.

*In re* CLARKSON *et al.*

(*Supreme Court, General Term, First Department.* October 16, 1891.)

1. EMINENT DOMAIN—PROCEDURE BEFORE COMMISSIONERS—EVIDENCE.
    Commissioners appointed to appraise land taken for the purposes of an elevated railroad are not bound in the reception of evidence by the strict rules obtaining in a court, and their award will not be set aside on account of technical errors when it does not appear that substantial injustice has been done.

2. SAME—SETTING ASIDE AWARD.
    The award will not be set aside for errors in admitting the opinions or conclusions of certain witnesses as to the damage done, where they do not show that the commissioners adopted a wrong principle in estimating the damages.

Appeal from special term, New York county.

The New York Elevated Railway Company instituted proceedings to condemn the property of Adolph Koffman, and from the order confirming the re-

port of the commissioners it appeals. For former reports, see 7 N. Y. Supp. 707, and 12 N. Y. Supp. 506.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *William R. Page*, of counsel,) for appellant. *M. S. & I. S. Isaacs*, (*A. L. Sanger*, *M. S. Isaacs*, and *W. G. Peckham*, of counsel,) for respondents.

BARTLETT, J. Five points, all relating to the admission of evidence, are relied upon by the appellant as reasons why we should reverse the order of the special term, confirming the report of the commissioners of appraisal. I think it must be conceded that some testimony was received which would not be admissible in a court of law. Thus the declaration of a neighboring property owner, that the elevated railroad "had such an effect" upon his own property that all his tenants determined to move unless he reduced his rents, which he accordingly did, was the statement of a conclusion which it was not proper for the witness to express, and the evidence should have been stricken out on motion. So, also, the question to Mr. Jefferson M. Levy, "What has been the general effect of the elevated railroad upon property in Greenwich street, in that neighborhood?" ought not to have been allowed, if it had been objected to on the ground that it improperly called for opinion evidence; but this objection was not suggested until after the witness had answered. Some other errors were committed in the admission of testimony, though not so many as are indicated by the exceptions to which our attention is particularly called in the brief for the appellant. These are only 13 in number, in over 200 printed pages of testimony, and none of them can be said to show that the commissioners, in estimating the damages, adopted a wrong principle, or departed so far from the rules of law which should guide them in making the appraisal as to require us to set their report aside. This general term, in *Re Sobel*, (Sup.) 8 N. Y. Supp. 707, expressly declared that commissioners in these proceedings are not to be governed in the receipt of evidence by the strict rules obtaining in a court. In the case of *Railroad Co.* v. *Lee*, 13 Barb. 169, HARRIS, J., said: "Unlike a jury, they are restricted to no peculiar species of evidence, or any peculiar sources of information. They may collect information in all ways which a prudent man usually takes to satisfy his own mind concerning matters of the like kind, where his own interests are involved in the inquiry. * * * When the original jurisdiction is to be exercised in this manner it is impossible, from the very nature of the case, that there should be anything like a regular judicial review." In *Re New York, L. & W. R. Co.*, 27 Hun, 116, the court said that some of the evidence received by the commissioners was of a very questionable character, but, as the commissioners had not adopted any erroneous principle, the appraisal ought not to be affected by technical errors in the admission of evidence; and this view is sanctioned by the language of the court of appeals in the case of *Railroad Co.* v. *Marvin*, to the effect that the supreme court, in cases of this kind, will not set aside a report for every technical error, when no injustice appears to have been done, but will exercise its discretion in regard to it. 11 N. Y. 276, 278. Such errors as we find in the present proceeding are technical, and not substantial; the damages awarded do not appear to be excessive; and the order appealed from should therefore be affirmed, with costs. All concur.