In the Matter of the Application of the EAST RIVER BRIDGE COMPANY for the Appointment of Three Commissioners.

Under the provisions of the act providing for rapid transit railways in certain cities (Chap. 4, Laws of 1891, as amended by chap. 102, Laws of 1892), which makes the authorization of the Supreme Court a prerequisite to the right of a bridge company to construct and operate an elevated railway as an approach to its bridge, in case of failure to obtain the consent of property owners, the power conferred upon the court is discretionary and exclusive, and its order refusing the authorization upon the merits, where no abuse of its discretion is shown, is not reviewable here.

Reported below, 75 Hun, 119.

(Argued June 18, 1894; decided October 9, 1894.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 8, 1894, which refused to confirm the report of commissioners appointed in the matter above entitled, and dismissed the proceeding.

The nature of the proceeding and the facts, so far as material, are stated in the opinion.

*Edward Lauterbach* for appellant. The order of the General Term is reviewable in this court. (Code Civ. Pro. §§ 1337, 3343 ; Laws of 1891, chap. 4, § 4; *In re A. A. E. R. R. Co.*, 136 N. Y. 292; *Bossout* v. *R.*, *W. & O. R. R. Co.*, 131 id. 37 ; *Bryce* v. *L. Ins. Co.*, 55 id. 240 ; *Kennedy* v. *Porter*, 109 id. 526.)

*Fordham Morris* for respondents Morris and Bailey. The order is not appealable under the Constitution of this state. (Laws of 1892, chap. 102.) Unless there have been errors of law or practice committed in the conduct of the proceeding, or some substantial right denied, the order is not appealable under the Code. (Code Civ. Pro. §§ 190, 1324, 1337; *In re T. F. S. R. Co.*, 102 N. Y. 343 ; *In re R. E. R. R. Co.*, 123 id. 358; *In re P. R. R. Co.*, 112 id. 578 ; *In re K. C. E. R. Co.*, 82 id. 95 ; *In re Union E. R. R. Co.*, 112 id. 61 ; *In re N. C. Co.*, 36 Hun, 272 ; *In re N. Y. C. R. R. Co.*, 70 N. Y. 357.)

*Theodore De Witt* for Langdons, respondents. The General Term of the Supreme Court had power to review the report of the commissioners in every particular and in its discretion to reverse the determination of the commissioners and refuse confirmation of their report. (*In re K. C. E. R. R. Co.*, 82 N. Y. 95 ; *In re U. R. R. Co.*, 112 id. 61.) The jurisdiction of the General Term of the Supreme Court in these cases is exclusive, and its determination in the case at bar is final and conclusive on all questions affecting the merits and cannot be reviewed on this appeal. (*N. Y. C. Co.* v. *Mayor*, etc., 104 N. Y. 1; *In re N. Y. E. R. R. Co.*, 70 id. 327, 359 ; *In re L. S. & M. S. R. R. Co.*, 89 id. 442 ; *In re N. Y., L. E. & W. R. R. Co.*, 99 id. 358.) By the express terms of the statute governing the case the petitioner is required to obtain the authorization of the Supreme Court. (Laws of 1892, chap. 102.) The General Term having rejected and refused to confirm the commissioners' report on the merits of the petitioner's application, the rights of the petitioner have been

exhausted so far at least as this proceeding is concerned. (*In re N. Y. E. R. R. Co.*, 70 N. Y. 359; *In re K. C. E. R. R. Co.*, 82 id. 9.)

*Clarence C. Ferris* for Schœn and others, respondents. This appeal should be summarily dismissed, as it is not an appeal from an order entitled to be heard as a motion. (Code Civ. Pro. § 190, subds. 2, 4, § 192.) This appeal should be dismissed without an examination by this court of all the intricate sets and correlations of facts which appear in the proceedings, because it was intrusted to the particular and local knowledge and to the discretion of the justices of the General Term, held in the city of New York, to make the order from which the petitioner has now appealed. (*In re E. R. B., etc., Co.*, 26 Hun, 490; 92 N. Y. 644; *Walsh* v. *Schulz*, 6 Civ. Pro. Rep. 126; *Bossout* v. *R., W. & O. R. R. Co.*, 131 N. Y. 37, 41; *In re M. E. R. R. Co.*, 128 id. 600; *In re P. P. & C. I. R. R. Co.*, 85 id. 489.)

GRAY, J. The East River Bridge Company appeals from an order of the General Term; which refused to confirm the report of commissioners, theretofore appointed to determine whether certain elevated railways should be constructed in the city of New York, in lieu of other approaches to the proposed bridge, or bridges, over the East river. Notwithstanding the ingenious suggestions of the appellant's counsel, there can be no doubt as to our lack of authority to review the order. It is silent as to its grounds and is the simple refusal by the tribunal, to whom the legislature refers the whole matter, to authorize the proceeding.

Its authorization was made a prerequisite to the right of the bridge company to construct and operate an elevated railway, as an approach to its proposed bridge; in the event, which has happened, of the failure to obtain the consents of the property owners. (See chap. 102, Laws 1892, amending chap. 4, Laws 1891.)

By the terms of the statute, the board of directors of any

company, incorporated for the purpose of constructing a bridge connecting one city with another, was authorized to determine to build, in lieu of an approach to the bridge, an elevated railway; the route of which should be co-incident with such approach.

But, if they so determine, they are required, after obtaining the consent of the local authorities, to obtain the consents of the owners of one-half in value of the property along the proposed route; or, in lieu thereof, the authorization of the Supreme Court upon the report of commissioners. Such a provision, being intended as a safeguard to public and private interests, assumes that where the local authorities and at least one-half in value of the property owners are in accord, with respect to the corporate project, the general interests to be affected will not be prejudiced; and, where they are not in accord, that the propriety and the policy of authorizing its execution can be safely intrusted to the local tribunal; whose judgment will be rendered upon all the facts, as collected and reported upon by its commissioners, and whose determination thus reached should be accepted as conclusive upon the application. The effect of the provision, of course, is to invest the Supreme Court, in the district of the proposed construction, with a discretion in the matter, to be exercised only upon the report which is made to it by its commissioners — a procedure having for its object the collection of evidence and the hearing of all interested parties. The power thus conferred upon that court to give its authorization was, necessarily, exclusive in its nature. When its discretion is exercised, as here, by refusing that authorization, the petitioner is without further remedy in any appeal to this court.

We must assume, (which is the fact, as the opinion discloses), that the majority of the General Term justices, in deciding as they did, deemed the project, upon its merits, an improper, or an unwise and impolitic one to lend their sanction to. Nor can we say, after looking through the record, that any ground exists for arguing that there has been any abuse of discretion in refusing to confirm the commissioners'

report.   As it presented the matter to the court, with all the evidence adduced for and against the application, the questions for determination were such as affected the public and private interests and were to be disposed of upon their merits. It must be admitted that there were reasons for reaching the conclusion stated in the order of the General Term.

With the refusal of the Supreme Court to confirm the report of the commissioners and its dismissal of the proceedings, the matter ended.   The case of the *Kings County Elevated Railway Company* (82 N. Y. 95) is quite decisive of the question of appealability.   The General Term, in ordering as they did, exercised the judicial discretion, with which the statute invested them, and their order is not reviewable here.

The appeal should be dismissed, with costs.

All concur, except ANDREWS, Ch. J., not sitting.

Appeal dismissed.