1. STREET RAILROADS—APPROPRIATION OF ROADWAY—COMMISSIONERS—REVIEW BY SUPREME COURT.

Under Const. art. 3, § 18, providing that, where the consent of abutting owners cannot be obtained for the construction of a street railway, the supreme court may, upon application, appoint three commissioners to determine, after a hearing, whether such road ought to be constructed, and their determination, confirmed by the court, may be taken in lieu of the consent of the property owners, the supreme court may confirm a report of a majority of such commissioners.

2. SAME—USE OF PRIVATE ROAD.

A corporation will not be allowed to appropriate and construct a street railroad over a roadway which has been improved at private expense, when there are other roadways which will answer equally as well the purposes of the public.

On motion to confirm a report made by two of three commissioners appointed by the court to determine whether the road projected by the Port Chester Street-Railway Company, petitioner, should be constructed. Motion denied.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Frederick W. Sherman, for petitioner.

John E. Parsons, Thomas G. Shearman, and Jacob Halstead, for objecting property owners.

WOODWARD, J. This court on the 29th day of November, 1898, issued an order appointing three commissioners, under the provisions of section 94 of the railroad law, and section 18 of article 3 of the constitution, upon the application of the Port Chester Street-Railway Company, to determine whether the road which it was proposed to construct should be built. This order was, on the return of an order to show cause, amended in such a manner as to submit to the commissioners the question whether the road ought to be constructed over the entire route, instead of limiting it to particular streets, as in the original order. On the 6th day of May, 1899, a report was made, signed by two of the commissioners, in which it was held that the road ought to be constructed through and along the

streets and avenues designated in the petition. One of the commissioners, a Mr. Wallace, who was appointed during the proceeding to fill a vacancy, made a report at the same time, in which he held that the road should not be so constructed; and it is urged on behalf of the objectors to the confirmation of this report that, all of the commissioners not having joined in reaching the determination that the road should be built, it is not within the province of this court to confirm such report.

It is not necessary to enter into any discussion of the powers of this court to confirm the report of its commissioners, upon a report of a majority of the commission. It was held in Re Kings Co. El. Ry. Co., 82 N. Y. 95, that the general term of the supreme court was a tribunal of original jurisdiction, to the extent of having the power to review the action and conclusion of its commissioners; and we are of opinion that the constitution contemplates that the determination to be reached in matters of this character is that of the court, as well as that of the commissioners. All of the purposes of the commission have been fulfilled when the commissioners, after notice to all parties, have heard the evidence and have made their report to this court, whether that report shall be unanimous, or by a majority of such commissioners. The determination of the commissioners is without force or effect until it has received the sanction of this court, and the fact that it is necessary for this court to confirm the report devolves upon it the duty of determining for itself whether the facts disclosed to the commissioners are sufficient to justify the granting of the petition. Taking this view of the question, we have considered the evidence before the commissioners; and we have reached the conclusion that no considerations of a public nature demand the construction of this proposed railroad over the particular route selected by the projectors of the enterprise, and that the report of the commissioners ought not, therefore, to be confirmed. The roadways over which the proposed street railroad is to pass, if this report should be confirmed, have been improved at private expense; large sums of money have been expended by individuals to make a high-grade driveway through the town of Rye, and leading out to the summer homes of a large number of people, who have made investments and fitted up handsome residences, greatly to the advantage of this particular section; and while the highways are the common property of the people, and considerations of a private nature must yield to public necessity or convenience, there is no good reason why these particular roadways, improved at private expense, should be appropriated by a corporation, when there are other ways which will answer equally as well every purpose of a public nature. While it is true that the only question before the commissioners was whether the street railroad should be constructed over the particular route selected by the company, it was proper, in determining this question, to consider whether there were other routes equally available, and which were calculated to accommodate the public in an equal degree, if we assume that a necessity for the construction of a street railroad existed at all; and we are of opinion that the evidence disclosed that there were other routes pre-

60 N.Y.S.—11

serving to the public all of their rights in the premises, and which did not permit this corporation to take to itself the benefits of the private investments made for the purpose of improving these highways. Considerations of public policy, in view of the generally poor highways in rural districts, forbid that we should permit the work of individuals in improving driveways to be appropriated by corporations, when no public necessity calls for such a sacrifice of quasi private rights. It is poor encouragement to private enterprise in the direction of public improvements to allow these highways, after being brought up to a high standard of utility and beauty, to be taken for the purpose of becoming the roadbed of street surface railroads, and this court will have discharged its duty when it has refused to confirm a report in favor of this petition. There are other ways equally open, and, if there is that public necessity for the construction of this railroad which warrants this investment, there will be no difficulty in finding a route fully adapted to all of the needs of the corporation, while preserving to the public the benefits of the improvements which enterprising citizens have made upon the highways proposed to be taken by the petitioner.

The motion to confirm the report of the majority of the commissioners is denied.

Application to confirm report of commissioners denied, with $10 costs and disbursements. All concur.