# LEWIS *a.* GRAHAM.

*Supreme Court, First District; General Term, February,* 1863.

### APPEALABLE ORDER.—IRREGULARITY.

An order which, among other things, refuses leave to come in and defend after judgment by default, is not appealable as to that part of it.

It is sufficient ground for denying a motion to set aside a judgment for irregularity, that the irregularity complained of is not specified in the notice of motion.

Where the irregularity is not specified in the notice, and the motion is denied, the court, on appeal, may presume that the motion was denied on the ground of the defect in the notice.

Appeal from an order denying a motion to vacate a judgment for irregularity, or for leave to defend.

The action was brought by Thomas Lewis against Charles Graham, Andrew and Robert McKenna, and others. The summons had been served on the defendants McKenna by publication, and deposit in the post-office. The irregularities complained of related to errors in publication, and defects in the affidavit of service.

*Gideon L. Walker,* for the appellants.

*Francis C. Cantine,* for the respondent.—I. The order, so far as it denies leave to come in and defend, is not appealable.

II. The motion to vacate for irregularity was properly denied, inasmuch as the irregularities complained of were not specified in the notice. (*Supreme Ct. Rule* 39; Roche *a.* Ward, 7 *How. Pr.,* 416; Baxter *a.* Arnold, 9 *Ib.,* 445.)

SUTHERLAND, P. J.—The order appealed from, so far as it denies leave to the defendants Andrew McKenna and Robert McKenna, to come in and defend the action, is not appealable,

especially as the order gives them leave to move under section 135 of the Code, on payment of $10 costs of the motion.

The order to show cause, which brought before the court the motion in which the order appealed from was made, does not specify the grounds of irregularity, as required by the 39th rule of this court. This would have been a sufficient ground for denying the motion to set aside the judgment for irregularity, and we cannot say from the papers that the motion was not denied on that ground.

The order appealed from should be affirmed, with costs.

INGRAHAM and CLERKE, JJ., concurred.

---

## LEE *a.* LEE.

*Supreme Court, First District; General Term, Feb.,* 1863.

CONSTRUCTION OF WILL.—DISTRIBUTION PER STIRPES AND PER CAPITA.—COSTS IN SURROGATES' COURTS.—ALLOWANCE OF COUNSEL-FEES.

Under a bequest to A., and the children of B., in equal proportions, share and share alike, the legatees are entitled to take *per capita.*

The surrogate has no power to award counsel-fees to be paid out of the estate to both the contesting parties.

Costs in Surrogates' Courts, awarded to the party entitled, must be taxed according to the Common Pleas rates of 1837.

Appeal from a final accounting before the surrogate of New York.

The petition of appeal was filed by Francis Lee, executor, &c., of Hugh Lee; the respondents were William and Catharine Lee, Terence Keany, and four brothers, and a sister of Keany. The will of the deceased gave the executor power of sale of a house and lot in Elm-street, and other property, and directed that out of the proceeds of sale, $2,000 should be paid to the widow of the testator; "and the residue of said proceeds, after