In the Matter of the Application of The Nassau Electric Railroad Company for the Appointment of Commissioners as to Union Street.

The Nassau Electric Railroad Company, Appellant; F. Adee et al., Respondents.

1. Railroads — Power of Appellate Division to Set Aside Report of Commissioners Unfavorable to Construction of Street Surface Railroad in Public Street. The "determination" of commissioners appointed to report whether a street surface railroad should be constructed in a public street (Const. art. 3, § 18; Railroad Law [L. 1890, ch. 565], § 94) refers only to a determination in favor of the railroad, and hence there is no express authority for action by the Appellate Division when the report is unfavorable to the construction of the road; but the statute not prohibiting it, that court has the power, in the exercise of original jurisdiction flowing from the power to appoint the commissioners, and it is its duty, when through misconduct, palpable error or accident, they fail to make such a report as the law contemplates, upon proper application, to set their report aside and appoint other commissioners or remit the matter to the same commissioners with proper instructions.

2. Order Refusing to Set Aside Unfavorable Report Based upon Want of Power Erroneous. An order of the Appellate Division denying, not as matter of discretion, but for want of power, a motion to set aside a report of commissioners, appointed under section 94 of the Railroad Law, which report was unfavorable to the construction of a street surface railroad in a public street, the notice of motion stating no reason or ground therefor, must be reversed, since it is the duty of that court upon such an application either to exercise its discretion and refuse to hear the application, because no grounds or reasons for interference were specified in the notice of motion, or to examine the record and decide whether the methods pursued by the commissioners were substantially within the law — and its determination that because the report was adverse the court "has no duty to perform, and can neither confirm it nor set it aside," is erroneous.

*Matter of Nassau El. R. R. Co.*, 6 App. Div. 141, reversed.

(Argued March 19, 1901; decided April 30, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, made June 9, 1896, denying a motion to set aside the report of com-

missioners appointed under the Railroad Law to determine whether a street surface railroad ought to be constructed through a public street in the city of Brooklyn.

The facts, so far as material, are stated in the opinion.

*Augustus Van Wyck* and *John J. Allen* for appellant. Neither the Constitution nor the statute designating the tribunal charged with the conduct of proceedings of this character contain any provisions limiting the court's supervisory judicial functions or duty, or relieving it from performance thereof at any stage of procedure. (L. 1890, ch. 565, § 34; Const. of N. Y. art. 3, § 18.) The law not only fails to restrict the reviewing power of the Appellate Division, but manifests its duty to take cognizance of error or irregularity on the part of the commissioners arising either from a wrong conception of the province of their inquiry, or from the adoption of erroneous principles in their proceedings. (*Matter of Canal Street*, 12 N. Y. 406; *Hayburn's Case*, 2 Dall. [U. S.] 409; *U. S.* v. *Ferreira*, 13 How. [U. S.] 40; *Matter of U. El. R. R. Co.*, 112 N. Y. 61; *Garrison* v. *Mayor, etc.*, 21 Wall. 196; *Matter of Mayor, etc.*, 49 N. Y. 150; *Matter of P. P. & C. I. R. R. Co.*, 24 Hun, 199; *People ex rel.* v. *Tubbs*, 59 Barb. 401; *Matter of Kings Co. El. Ry. Co.*, 82 N. Y. 102; *Matter of E. R. B. Co.*, 143 N. Y. 252.)

*Edward M. Grout* and *Jesse Johnson* for respondents. When the report of the commissioners is adverse to the construction of the road, the Appellate Division has no duty to perform, nor any power either to confirm or to set aside the report. (*Matter of Nassau C. Co.*, 36 Hun, 272; *Matter of East River B. Co.*, 75 Hun, 119.) Only a refusal to take any evidence at all, or to hear the parties, or palpable fraud, or gross irregularity, would enable the Appellate Division to set aside or send back the report, and not mere errors in receiving or excluding evidence. (*Matter of Nassau C. Co.*, 36 Hun, 272.)

Vann, J.   After obtaining consent of the municipal authorities the appellant was unable to obtain consent of the "owners of one-half in value of the property bounded on" a portion of Union street in the city of Brooklyn to build and operate a street surface railroad thereon.   Commissioners were thereupon appointed, pursuant to section 94 of the Railroad Law, a majority of whom reported that the proposed railway ought not to be constructed upon the street in question.   (L. 1890, ch. 565, § 34.)   The railroad company applied to the Appellate Division to set aside said report and appoint new commissioners, but, while it founded its notice "upon the record and transcript of the testimony taken and proceedings had before the commissioners," it stated no reason or ground for invoking the action of the court.   The application was denied on the ground, as stated in the order, "that the determination of the commissioners herein being adverse to the construction of the railroad of the petitioner, the Appellate Division has no duty to perform and can neither confirm the report nor set it aside."   The opinion filed with the decision made it clear that the order faithfully expressed the conclusion of the court.

The order was not made in the exercise of discretion, but was based on a want of power.   When read either by itself or in the light of the opinion, it means that where the report is unfavorable to the construction of the road, the Appellate Division can examine the record for no purpose except to learn that fact, which deprives it of power to act, regardless of any other facts which may exist.   This conclusion seems to be founded upon the language of the statute, which closely follows that of the Constitution where it provides that the "determination" of the commissioners, "confirmed by the court, may be taken in lieu of the consent of the property owners." (Const. art. 3, § 18 ; Railroad Law, § 94.)   We agree with the learned court below that the "determination" thus referred to means one only that is in favor of the road, and hence that there is no express authority for action by the Appellate Division when the report is unfavorable.

It does not follow from this, however, that the Supreme Court has no authority to set aside such a report for fraud, mistake or gross irregularity, for the statute does not prohibit such action.    The power of the court to appoint implies power to supervise the conduct of the persons appointed, at least to the extent of seeing whether they disobeyed the statute which called them into existence, or acted corruptly, or failed to comply with the order appointing them by publishing and serving the notices specified therein.    The commissioners are not appointees of the legislature, but of the court pursuant to the provisions of the Constitution, to decide a certain question " after a hearing of all parties interested." They are not a distinct tribunal, for they are appointed by the court and report to the court.    If they refuse to hear the parties in interest the court can set aside their determination and appoint new commissioners to do what the law requires, in the manner specified, after due notice and an opportunity to be heard.    While not bound to strict compliance with common-law evidence, or to any particular method of procedure, except as specified by statute, their action is judicial in character and must, to a reasonable extent, conform to judicial methods, for by command of the Constitution a " hearing " is to be had and a " determination " made.    A substantial departure from what is fairly to be implied from the use of the words " hearing " and " determination " in the fundamental law authorizes the court which appointed the commissioners to set aside their action and proceed anew.    If, for instance, they state in their report that their only reason for deciding that the road ought not to be built was some fact, utterly immaterial, or if they show conclusively that they exercised powers they did not possess, or failed to exercise the powers they did possess, because they thought the law withheld them, it is clear that their decision would not be a determination within the intent of the law.    If, through misconduct, palpable error or accident they fail to make such a report as the law contemplates, it is the duty of the Appellate Division, upon proper application, to set their report aside and appoint

other commissioners, or remit the matter to the same commissioners with proper instructions. Unless the appointees of the court keep within the law, as well as its own order, it necessarily has power to interfere, not by way of review as upon appeal or certiorari, but in the exercise of original jurisdiction flowing from the power to appoint, as otherwise the object of the appointment would be defeated by the misconduct of the commissioners.

When the commissioners make a favorable report their judgment and that of the Appellate Division must concur before the report can become final and effective, for confirmation is expressly required. (*Matter of Kings Co. Elevated Railway Co.*, 82 N. Y. 95.) When they make an unfavorable report no confirmation is necessary, but the commissioners are not a law unto themselves, and their determination, when made in violation of law, is not such a determination as the court is obliged to accept from its own appointees. Whether the Appellate Division has any other powers, when the report is against construction, than those above indicated, it is unnecessary to now decide. We simply hold that it was their duty either to exercise their discretion and refuse to hear the application, because no grounds or reasons for interference were specified in the notice of motion, or to examine the record and decide whether the methods pursued by the commissioners were substantially within the law. It may be that the record is free from fault, but the Appellate Division has not examined to see. We can only review their actual determination, which was that they had no duty to perform in the premises. We think it was their duty to read the record and decide whether there was sufficient reason for setting the report aside.

The order should be reversed, with costs, and the proceeding remitted to the Appellate Division for further action.

MARTIN, J. (dissenting). I cannot concur in the conclusion reached by Judge VANN. Doubtless the court possessed the power to set aside the report of the commissioners for fraud,

mistake or irregularity upon proof of their existence and upon a proper application made to the court for that purpose. There is nothing to indicate that this was doubted or questioned by the court below. No such application was made nor intended at the time even by the appellant. Although that claim was urged upon the argument, it was presented here for the first time. The motion was to set aside the report and appoint new commissioners, and was based upon the record, testimony and proceedings. It was barren of notice, claim or suggestion of fraud, mistake or irregularity. Manifestly, the application was upon the merits alone, and was so understood by the parties and the court alike. There is nowhere in the record the slightest indication of any other purpose. The order recites that the motion was to review the proceedings of the commissioners, thus showing that the court plainly understood that the application was merely to review their action upon the merits. With this understanding and without anything to suggest a different one, the court by its order held that inasmuch as the determination of the commissioners was adverse to the construction of the railroad it had no duty to perform and could neither confirm the report nor set it aside. In this it was plainly right. Unless it was to do an idle thing, it could not confirm the report as it would have no validity, it being only when the report was in favor of the railroad and confirmed that it was of any avail. It could not set it aside upon the merits, as that would be a plain and unwarranted interference with the prerogatives of the commissioners. Under these circumstances, to review or interfere with the action of the Appellate Division upon the assumption that it held that it had no power to set aside the report for fraud, mistake or irregularity, would be pre-eminently unfair to both the respondents and the court. It would involve a question not decided and impute to the court below a lack of knowledge or comprehension of its plainly understood powers that is past belief or even suspicion.

It is said that there may have been some irregularity in the proceedings which the court should have corrected, and that

it ought to have looked into the record to see if it could by any possibility discover it. This involves a doctrine which to me is entirely novel. It was not the duty of the court to search for some undisclosed or imaginary irregularity that might be supposed to exist. If there was any, it was the duty of the appellant to present it to the court. This was not only required by common fairness, but the rules of the Supreme Court and the general practice which has existed for nearly a half century require that upon a motion based upon an irregularity the notice must specify the irregularity complained of. Where there is no such specification in the notice and the motion is denied, the court on appeal will presume that it was denied upon that ground. (*Lewis* v. *Graham*, 16 Abb. Pr. 126.)

No fair construction of the order appealed from admits of the supposition that the court held or intended to hold that it did not possess the inherent power to set aside the report of the commissioners for fraudulent, mistaken or irregular action, but a proper interpretation of it plainly shows that the court intended only to hold that it could not review the action of the commissioners by substituting its own views as to the merits of the application for those of the commissioners, because before the petitioner was entitled to the relief sought the commissioners must have reported in its favor, and their report must have been confirmed by the Appellate Division. As there was no such report, there was no basis upon which the Appellate Division could grant the application of the petitioner.

I think the order appealed from should be affirmed, with costs.

PARKER, Ch. J., GRAY, BARTLETT and WERNER, JJ., concur with VANN, J.; MARTIN, J., reads dissenting memorandum ; CULLEN, J., not sitting.

Order reversed.