### In re FT. WASHINGTON RIDGE ROAD.

(Supreme Court, Appellate Division, First Department. April 9, 1903.)

1. EMINENT DOMAIN—HIGHWAYS—CONSTRUCTION — COMMISSIONERS — REPORT —
   CONFIRMATION—OBJECTIONS—TIME—APPEAL.

   Laws 1892, p. 173, c. 114, authorizes the appraisal of damages to property by the construction of streets in the city of New York, and section 10 provides that the report of commissioners shall be filed in the county clerk's office, and on application for confirmation thereof the Supreme Court at Special Term shall confirm the same. Section 14 provides that within 20 days after the notice of the confirmation either party may appeal from the appraisal or report, and on such appeal the court may direct a new appraisal, and determine any question passed on by the commissioners, and authorizes a further appeal on any question determined by the Special or General Term. Section 17 authorizes the special term either to confirm the report or refer it to the same or other commissioners for reconsideration. Held, that property owners were not entitled to object to the report prior to its confirmation, but that after

confirmation the owners of specific property might object, and have the confirmation set aside as to such property, or referred back to the commissioners for correction.

Appeal from Special Term, New York County.

Proceedings for the appraisal of damages for the construction of Ft. Washington Ridge Road. From an order of the Special Term denying a motion by certain property owners to set aside the report of the commissioners, and to send the proceeding back to new commissioners to be appointed, such owners appeal. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

James A. Deering, for appellant.
John P. Dunn, for respondent.

INGRAHAM, J. This proceeding was commenced under chapter 114, p. 173, of the Laws of 1892. By section 9 of that act the commissioners were authorized to hear the property owners, or the persons interested in the lands affected by the improvement, and to ascertain and determine the compensation which ought justly be made by the mayor, aldermen, and commonalty of the city of New York to the owners or parties interested in the real estate sought to be acquired or affected by said proceeding. "They shall also separately ascertain and determine the compensation which ought justly to be made by the mayor, aldermen and commonalty of the city of New York, to the owners or parties interested in the lands and premises now having a frontage upon the said road as originally laid out, or which the commissioners of the department of public parks intended should front thereon, but which shall lose or be deprived of such frontage on the road as established by the commissioners under the third section of this act, or otherwise injuriously affected by the action of said commissioners, or by any proceedings had under this act. They shall also separately appraise and designate in their report the compensation which should justly be made to the mayor, aldermen and commonalty of the city of New York for any grant or conveyance to the owner of the contiguous property of all the right, title and interest of said city in and to the land theretofore acquired for said road but outside of the lines thereof as established under this act. In making such appraisal they shall divide said lands into parcels as nearly as may be in accordance with the frontage of the abutting lands so that the frontage thereof upon the road established by them under this act shall as nearly as possible agree in length and otherwise correspond with the frontages of the abutting land. The said commissioners shall thereupon prepare a report of their proceedings to the supreme court, and a true copy or copies thereof as may be required. The said report shall contain a brief description of the several parcels of real estate so taken or affected or reported upon, with a reference to the map as showing the location and boundaries of each parcel and a statement of the amount estimated and determined upon by them as a just and equitable compensation to be made by the city to the owners or persons entitled to or interested in each

81 N.Y.S.—24

parcel so taken or affected, and a statement of the respective owners or persons entitled thereto or interested therein." By section 10 of the act the report of the commissioners was to be filed in the office of the clerk of the county of New York. The counsel to the corporation, or, in case of his neglect to do so within 10 days after receiving notice of such filing, any person interested in the proceedings, was to give notice that the said report would be presented for confirmation to the Supreme Court at a Special Term thereof. "Upon the hearing of the application for the confirmation thereof, the said court shall confirm such report and make an order containing a recital of the substance of the proceedings in the matter of the appraisal." Section 14 of the act provides: "Within twenty days after notice of the confirmation of the report of the commissioners as provided for in the tenth section of this act, which notice may, as to parties who have not appeared before the commissioners, be given by publication in the manner provided in the eighth section of this act, either party may appeal by notice in writing to the other party, to the Supreme Court from the appraisal and report of the commissioners. Such appeal shall be heard on due notice thereof being given according to the rules and practice of said court, either at a special or general term thereof, as the appellant may desire. On the hearing of such appeal the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the Special Term an appeal may be taken to the General Term, and from any determination of the General Term either party, if aggrieved, may take an appeal which shall be heard and determined by the Court of Appeals, and in said courts such appeal shall be heard upon the merits, both as to questions of law and fact." Section 15 provides: "The Supreme Court of the First Judicial Department shall have power at any time to amend any defect, or any informality in any of the special proceedings authorized by this act that may be necessary, or to cause other property to be included therein, or to permit any person having an interest therein to be made a party thereto, or to relieve from any default, mistake or irregularity, or to direct such further notices to be given to any party in interest as it deems proper, and also to appoint other commissioners of appraisal in place of any who shall die or refuse or neglect to serve, or be incapable of serving, or be removed. And the said court may at any time remove any of said commissioners of appraisal who, in its judgment shall be incapable of serving or who shall, for any reason, in its judgment, be an unfit person to serve as such commissioner. The cause of such removal shall be specified in the order making the same." Section 16 provides that the commissioners of appraisal, upon receipt of a statement of the cost of regulating and grading this road from the commissioners appointed by the mayor under the second section of the act, shall proceed to assess on account thereof all such parties and persons, lands, and tenements as they may deem to be benefited thereby, "to the extent and proportion of such cost and expense and in the manner specified in the act approved April twenty-fourth, eighteen hundred and sixty-five, entitled 'An act to provide for the laying out and im-

proving of certain portions of the city and county of New York'
[Laws 1865, p. 1136, c. 565], under which the said road was orig-
inally laid out and established as aforesaid." When the said com-
missioners had completed their assessment list as therein provided,
they were to deposit the same in the office of the clerk of the city
and county of New York. Section 17 gives the court at Special
Term power either to confirm this report, or refer the same to the
same commissioners for revisal and correction, or to new commis-
sioners to be appointed by said court to reconsider the subject-matter
thereof, with a right to appeal to the General Term and to the Court
of Appeals.

This proceeding being controlled by this special act, its provisions
must determine the disposition to be made of this application. The
act seems to contemplate a formal confirmation from which an ap-
peal may be taken either to the Special or General Term of the Su-
preme Court, when the court would have power either to confirm the
report or to order a redetermination of the questions presented as to
certain specific pieces of property. It does not seem to have intended
that the property owners should object to the report prior to the time
of the formal confirmation provided for by section 10 of the act. The
power given to apply for an order sending the report back to the
commissioners, for the appointment of new commissioners to deter-
mine any specific question to which the owners of property affected
may object, is after the formal confirmation of the report. This pro-
ceeding has now been pending for nearly 10 years. The commis-
sioners occupied a period of over eight years in taking about 3,800
pages of testimony. Such a delay would seem to have been entirely
unwarranted, and now, after this long delay, the report should not be
sent back to the commissioners, or new commissioners appointed,
which would require the whole matter to be reopened, unless abso-
lutely necessary, but especially when there is no express provision
in the act allowing such an application. It is there contemplated that
there shall be a formal confirmation of the report by the court, when
the owners of specific property shall have the right to appeal from
such formal confirmation; in which case the court is given power to
set aside the confirmation as to specific pieces of property on behalf
of which objection is made, and send the report back to the same or
other commissioners for correction. The report would then stand
confirmed as to all the property, except where a specific objection
has been interposed, and each separate objection can be considered,
and such order made as the facts in relation to the specific property
justify.

In view of the novel provisions of this statute, and the conditions
that exist in regard to this proceeding, we think the court below was
correct in refusing to grant this application, and that the proceeding
should follow the course specified in the statute. The sufficiency of
the report as to each specific piece of property must be determined
by the conditions as to that particular piece, and it is only as to those
specific pieces of property as to which there are discrepancies that an
amendment to the report or a new appraisal should be ordered. Un-
der these circumstances, I think the court was justified in refusing

the application, and that the order appealed from should be affirmed, without passing upon the questions presented by the appellant, except so far as to say that the sufficiency of this report of the commissioners as to each specific piece of property should be reserved for decision until the appeal is made to the Supreme Court, as provided for by section 14 of the act.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.