In the Matter of the Application of the MAYOR, ALDERMEN AND
    COMMONALTY OF THE CITY OF NEW YORK for the Appointment of
    Commissioners of Appraisal under Chapter 114 of the Laws of
    1892, Entitled : " An Act to Provide for Settling and Establish-
    ing Permanently the Location and Boundaries of the Avenue
    Known as Fort Washington Ridge Road, in the City of New
    York, and in Relation to the Improvement Thereof."

THEODORE A. KNAPP, Individually and as Sole Surviving Executor,
    etc., of PETER K. KNAPP, Deceased, and Others, Appellants ; THE
    CITY OF NEW YORK, Respondent.

*Report of commissioners of appraisal under chapter* 114 *of the Laws of* 1892 — *the
    court cannot, before confirmation, refer questions as to particular pieces of property
    to new commissioners — the remedy is in the appellate court.*

Chapter 114 of the Laws of 1892, which provides for the improvement of the
    Fort Washington Ridge road in the city of New York, does not authorize the
    court, on a motion made by a property owner, after the filing of the report of
    the commissioners of appraisal appointed in the proceeding and before the con-
    firmation of the report, to grant an order setting aside the report so far
    as it affects certain specific pieces of property and referring the questions
    affecting such property to new commissioners for determination, particularly
    when it appears that the proceeding has been pending for a period of ten
    years.

*Semble,* that the statute contemplates that there shall be a formal confirmation of
    the report by the court and that the property owners shall then have the right
    to appeal from the order of confirmation and that on the appeal the Appellate
    Division shall have power, either to approve the confirmation of the report in
    all respects, or to set aside such confirmation as to specific pieces of property
    and order a redetermination as to them.

APPEAL by Theodore A. Knapp, individually and as sole surviv-
ing executor, etc., of Peter K. Knapp, deceased, and others, from
an order of the Supreme Court, made at the New York Special
Term and entered in the office of the clerk of the county of New
York on the 1st day of August, 1902, denying the appellants'
motion that the report of the commissioners of appraisal theretofore
appointed in the proceeding be referred, so far as the same affects
certain parcels of land, to new commissioners, and that such new
commissioners be directed to reconsider the subject-matter of said

report and to make a new report. The motion was made after the report was filed, and before the confirmation thereof.

*James A. Deering*, for the appellants.

*John P. Dunn*, for the respondent.

INGRAHAM, J.:

This proceeding was commenced under chapter 114 of the Laws of 1892. By section 9 of that act the commissioners of appraisal were authorized to hear the property owners, or the persons interested in the lands affected by the improvement, and to ascertain and determine the compensation which ought justly to be made by the mayor, aldermen and commonalty of the city of New York to the owners or parties interested in the real estate sought to be acquired or affected by said proceeding. "They shall also separately ascertain and determine the compensation which ought justly to be made by the mayor, aldermen and commonalty of the city of New York to the owners or parties interested in the lands and premises now having a frontage upon the said road as originally laid out or which the commissioners of the department of public parks intended should front thereon, but which shall lose or be deprived of such frontage on the road as established by the commissioners under the third section of this act or otherwise injuriously affected by the action of said commissioners or by any proceedings had under this act. They shall also separately appraise and designate in their report the compensation which should justly be made to the mayor, aldermen and commonalty of the city of New York for any grant or conveyance to the owner of the contiguous property of all the right, title and interest of said city in and to the land theretofore acquired for said road, but outside of the lines thereof as established under this act. In making such appraisal they shall divide said lands into parcels as nearly as may be in accordance with the frontage of the abutting lands so that the frontage thereof upon the road established by them under this act shall as nearly as possible agree in length and otherwise correspond with the frontages of the abutting land. The said commissioners shall thereupon prepare a report of their proceedings to the Supreme Court and a true copy or copies thereof as may be required. The said report shall contain a brief description of the

several parcels of real estate so taken or affected or reported upon, with a reference to the map as showing the location and boundaries of each parcel and a statement of the amount estimated and determined upon by them as a just and equitable compensation to be made by the city to the owners or persons entitled to or interested in each parcel so taken or affected, and a statement of the respective owners or persons entitled thereto or interested therein." By section 10 of the act the report of the commissioners of appraisal was to be filed in the office of the clerk of the city and county of New York. The counsel to the corporation, or in case of his neglect to do so within ten days after receiving notice of such filing, any person interested in the proceedings, was to give notice that the said report would be presented for confirmation to the Supreme Court at a Special Term thereof. "Upon the hearing of the application for the confirmation thereof the said court shall confirm such report and make an order containing a recital of the substance of the proceedings in the matter of the appraisal." Section 14 of the act provides: "Within twenty days after notice of the confirmation of the report of the commissioners as provided for in the tenth section of this act, which notice may, as to parties who have not appeared before the commissioners, be given by publication in the manner provided in the eighth section of this act, either party may appeal by notice in writing to the other party, to the Supreme Court from the appraisal and report of the commissioners. Such appeal shall be heard on due notice thereof being given according to the rules and practice of said court, either at a Special or General Term thereof, as the appellant may desire. On the hearing of such appeal the court may direct a new appraisal and determination of any question passed upon, by the same or new commissioners, in its discretion, but from any determination of the Special Term an appeal may be taken to the General Term, and from any determination of the General Term either party, if aggrieved, may take an appeal which shall be heard, and determined by the Court of Appeals, and in said courts such appeal shall be heard upon the merits, both as to questions of law and fact." Section 15 provides: "The Supreme Court of the first judicial department shall have power at any time to amend any defect, or informality in any of the special proceedings authorized by this act that may be

necessary, or to cause other property to be included therein, or to permit any person having an interest therein to be made a party thereto, or to relieve from any default, mistake or irregularity, or to direct such further notices to be given to any party in interest as it deems proper, and also to appoint other commissioners of appraisal in place of any who shall die or refuse or neglect to serve, or be incapable of serving, or be removed. And the said court may at any time remove any of said commissioners of appraisal who, in its judgment shall be incapable of serving or who shall, for any reason, in its judgment, be an unfit person to serve as such commissioner. The cause of such removal shall be specified in the order making the same." Section 16 provides that the commissioners of appraisal, upon receipt of a statement of the cost of regulating and grading this road from the commissioners appointed by the mayor under the 2d section of the act, shall proceed to assess on account thereof all such parties and persons, lands and tenements, as they may deem to be benefited thereby, " to the extent and proportion of such cost and expense and in the manner specified in the act approved April twenty-fourth, eighteen hundred and sixty-five, entitled ' An act to provide for the laying out and and * improving of certain portions of the city and county of New York,' under which the said road was originally laid out and established as aforesaid." When the said commissioners had completed their assessment-list as therein provided, they were to deposit the same in the office of the clerk of the city and county of New York. Section 17 gives the Supreme Court at Special Term power either to confirm this report, or refer the same to the same commissioners for revisal and correction, or to new commissioners to be appointed by said court to reconsider the subject-matter thereof, with a right to appeal to the General Term and to the Court of Appeals.

This proceeding being controlled by this special act, its provisions must determine the disposition to be made of this application. The act seems to contemplate a formal confirmation from which an appeal may be taken either to the Special or General Term (Appellate Division) of the Supreme Court, when the court would have power either to confirm the report or to order a redetermination of the questions pre-

---

* So in the original.

sented as to certain specific pieces of property. It does not seem to have intended that the property owners should object to the report prior to the time of the formal confirmation provided for by section 10 of the act. The power given to apply for an order sending the report back to the commissioners, or for the appointment of new commissioners to determine any specific question to which the owners of property affected may object, is after the formal confirmation of the report. This proceeding has now been pending for nearly ten years. The commissioners occupied a period of over eight years in taking about 3,800 pages of testimony. Such a delay would seem to have been entirely unwarranted, and now after this long delay the report should not be sent back to the commissioners or new commissioners appointed which would require the whole matter to be reopened, unless absolutely necessary, but especially when there is no express provision in the act allowing such an application. It is there contemplated that there shall be a formal confirmation of the report by the court, when the owners of specific property shall have the right to appeal from such formal confirmation; in which case the court is given power to set aside the confirmation as to specific pieces of property, on behalf of which objection is made, and send the report back to the same or other commissioners for correction. The report would then stand confirmed as to all the property, except where a specific objection has been interposed, and each separate objection can be considered and such order made as the facts in relation to the specific property justify.

In view of the novel provisions of this statute and the conditions that exist in regard to this proceeding, we think the court below was correct in refusing to grant this application and that the proceeding should follow the course specified in the statute. The sufficiency of the report as to each specific piece of property must be determined by the conditions as to that particular piece; and it is only as to those specific pieces of property as to which there are discrepancies that an amendment to the report or a new appraisal should be ordered. Under these circumstances, I think the court was justified in refusing the application and that the order appealed from should be affirmed, without passing upon the questions presented by the appellant, except so far as to say that the sufficiency of this report of the commissioners as to each specific piece of prop-

erty should be reserved for decision until the appeal is made to the Supreme Court, as provided for by section 14 of the act.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

VAN BRUNT, P. J., O'BRIEN, McLAUGHLIN and LAUGHLIN, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.