---

### In re LOW et al.

(Supreme Court, Special Term, Kings County. May 8, 1906.)

1. EMINENT DOMAIN (§ 238*)—CONDEMNATION PROCEEDINGS—REVIEW.

Under Laws 1894, c. 752, § 52, as amended by Laws 1895, c. 519, § 25, providing that the application for the confirmation of the report of commissioners in condemnation proceedings shall be made to the Special Term, and that the court shall confirm such report, the Special Term has no power to review the proceedings of the commissioners; the extent of its power being merely to make a formal confirmation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658, 659–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. § 238.*]

2. EMINENT DOMAIN (§ 238*)—CONDEMNATION PROCEEDINGS—RIGHT OF REVIEW.

There is no natural right of review by appeal in condemnation proceedings nor is such a right given by Const. art. 1, § 7, providing that the compensation for private property taken for public use, unless compensation is made by the state, shall be ascertained by jury, or by not less than three commissioners appointed by a court of record as provided by law.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 614, 619, 658, 659–660, 666, 668, 669, 671, 673, 674, 687; Dec. Dig. § 238.*]

3. EMINENT DOMAIN (§ 230*)—CONDEMNATION PROCEEDINGS—ADDITIONAL ALLOWANCES.

Under Greater New York Charter (Laws 1901, c. 466, § 998), as amended by Laws 1904, c. 736, permitting additional allowances to be granted in proceedings under the charter or "pursuant to the provisions of any other act or law providing for the acquisition of property for any public purpose in the city of New York," an additional allowance was authorized in proceedings to condemn a right of way under the Rapid Transit Act (Laws 1891, c. 4).

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 584; Dec. Dig. § 230.*]

4. EMINENT DOMAIN (§ 9*)—CONDEMNATION PROCEEDINGS—RAPID TRANSIT ACT.

The Rapid Transit Act (Laws 1891, c. 4), which provides that cities of over 1,000,000 inhabitants may have rights of way condemned for railroad purposes, is a general act applying to all the cities of the state within its provisions, and not merely to the city of New York.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 27–34; Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application of Seth Low and others relative to acquiring a perpetual underground right, easement, and right of way. Report of commissioners confirmed, but without review of condemnation proceedings. Application for extra allowance denied.

John J. Delany, Corp. Counsel (Charles N. Harris, of counsel), for City of New York.

Wilhelmus Mynderse, in pro. per.

George B. Abbott, in pro. per.

John Notman, in pro. per.

BURR, J. [1] I am constrained to hold, contrary to the impression which I had and expressed upon the argument of this case, that the court at Special Term has no power to review the proceedings of the commissioners. The language of the statute is as follows:

"The application for confirmation of each of such reports should be made to the Supreme Court at a Special Term thereof, held in the judicial district in which said city is situated. Upon the hearing of the application for confirmation thereof the said court shall confirm such report." Laws 1894, c. 752, § 52, as amended; Laws 1895, c. 519, § 25.

The same section provides in detail for the contents of the order which has reference only to an order confirming, and not to an order setting aside, a report of the commissioners. I might be more reluctant to hold that there was no power of review at Special Term if the act did not provide fully and completely for a review at the Appellate Division.

[2] The right of review by appeal is not a natural right, and the constitutional requirement would be met by a statute providing that the compensation to be made for private property taken for any public use should be ascertained by three commissioners appointed by a court of record whose decision should be final. Const. art. 1, § 7. It has been the general policy of the law, however, to favor such a construction of statutes as would make the action of the court judicial in its character, and not merely formal. In re Kings County Elevated Railway Co., 82 N. Y. 95; In re Nassau Electric Railway Co., 167 N. Y. 37, 60 N. E. 279; In the Matter of Buffalo, 1 N. Y. Supp. 763. The statute under consideration, however, clearly indicates that the review of the acts of the commissioners was to be at the Appellate Division. It is provided in the first place that an appeal may be taken to the General Term of the Supreme Court "from the appraisal and report of the commissioners and the order confirming the same." By amendment the words "General Term" were made to include the Appellate Division. Laws of 1895, c. 519, § 28.

On such appeal the court may direct a new appraisal, and "in case of a new appraisal the second report shall be final and conclusive on all the parties interested." Laws of 1891, c. 4, as amended Laws of 1894, c. 752, § 58. If the court at Special Term should review the acts of these commissioners and order a new appraisal, the second report would be final and conclusive, although the parties would thereby be deprived of the review by the Appellate Division and the Court of Appeals as contemplated by the same section. A conclusive

reason why the act of the Special Term is merely formal is found in the provision of the same section that the record before the Appellate Division shall consist of the evidence taken before the commissioners and any affidavits as to irregularities. There is no provision for submitting the same evidence to the court at Special Term. The result might be that the record in the Appellate Division would be different from that submitted to the court at Special Term. The statute containing very similar provisions has been construed by the Appellate Division of the First Department in like manner. In the Matter of Ft. Washington Ridge Road, 82 App. Div. 163, 81 N. Y. Supp. 368. I am constrained, therefore, to confirm the report without passing upon the interesting questions of law involved.

[3] In connection with the motion to confirm this report, the commissioners have made an application for an extra allowance. I should grant the application if I thought that I had the power to do so. The commissioners make the application under the provisions of the charter. Laws 1901, c. 466, § 998, as amended; Laws 1904, c. 736. That act permits additional allowances to be granted in proceedings instituted pursuant to the provisions of the charter or "pursuant to the provisions of any other act or law providing for the acquisition of property for any public purpose in the city of New York."

[4] The law under which these proceedings are taken is not an act or law providing for the acquisition of property in the city of New York, but is general in its character, and applies to all cities of the state included within its provisions. Laws of 1891, c. 4, § 1. This is a general act. Sun Publishing Association v. Mayor, 152 N. Y. 257, 46 N. E. 499, 37 L. R. A. 788. The fact that the property sought to be acquired is located within the city of New York does not make the law one providing for the acquisition of property in that city. I think the commissioners are entitled to extra compensation.

I deny the application solely on the ground of want of power.